IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBBIE A. PHILLIPS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>    Defendant. ) | Case No. CIV-14-264-L |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **AFFIRMED**.

### I.  Procedural Background

Plaintiff's application for benefits was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 19-29). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since April 26, 2006, the alleged disability onset date. (TR. 21). At step two, the ALJ determined that Plaintiff has the severe impairments of major depressive disorder and osteoarthritis. The ALJ also determined that Plaintiff failed to establish any impairment involving carpal tunnel syndrome (CTS), sinus tachycardia, hypertension, high cholesterol, osteopenia, sciatica, left rotator cuff injury, spinal bone spurs, irritable bowel syndrome, a spastic colon, or recurring urinary tract infections (TR. 21-22). At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 22). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work, but retained the residual functional capacity (RFC) to perform light work in relative isolation with limited contact with peers, supervisors and the general public (TR. 27, 23).

At step five of the sequential evaluation process the ALJ, using the Medical-Vocational Rules as a framework and considering the testimony of a vocational expert (VE), determined that jobs existed in significant numbers in the national economy which Plaintiff could perform. (TR. 27-28). Accordingly, Plaintiff was found to be not disabled
2

from April 26, 2006, the alleged onset date, through December 31, 2008, the date last insured. (TR. 29).

### III.  Issues Presented

Plaintiff urges on appeal that the ALJ's RFC finding is not supported by substantial evidence; and that the ALJ erred at step five by relying on responses from the VE to hypothetical questions which did not precisely reflect Plaintiff's limitations.

### IV.  Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### V.  The Medical Evidence

On April 26, 2006, the VA determined that Plaintiff was entitled to receive service connected compensation at the 100% rate based on dysthymic disorder (70%), sinus tachycardia (10%), and CTS of the left wrist (10%). (TR. 173, 519).

Medical records from April 2006 to March 2007 from Plaintiff's treating physician, Melinda Powers, D.O., consistently show that Plaintiff's heart rhythm was normal and that her tachycardia was controlled by medication; that she had full range of motion in her extremities; and no diagnosis or assessment of CTS. (TR. 415-416, 418, 420-421, 423-426, 436-438, 439-441, 442-444, 447-448). In April 2006, Dr. Powers imposed no

3

physical restrictions on Plaintiff other than limiting her to reaching, lifting and carrying no more than 25 pounds, and stating that squatting was not recommended. (TR. 417).

In September 2006, Plaintiff was examined by David Paul, M.D. (occupational medicine), who found that Plaintiff's heart was normal with a regular sinus rhythm; that her range of motion, sensory function and motor function in both wrists was within normal limits; and that the joint function in her wrists was "not additionally limited by pain, fatigue, weakness, lack of endurance or incoordination after repetitive use." (TR. 499-500). Dr. Paul found in his diagnosis of Plaintiff that her CTS of the left wrist condition and her sinus tachycardia condition had both "resolved." (TR. 500).

Also in September 2006, Plaintiff underwent a mental examination performed by William S. Davies, M.D., who found that she was able to establish and maintain limited social work relationships with family and a friend or two; and that she was able to follow simple-to-moderately complex instructions. (TR. 505). Dr. Davies assessed her as having a dysthymic disorder with low energy, fatigue, low self-esteem, and occasional difficulty concentrating (TR. 506).

In August 2011, non-examining agency physician, James Sturgis, Ph.D., concluded that Plaintiff had major depressive disorder which caused moderate difficulties in maintaining social functioning and in maintaining concentration, persistence or pace. (TR. 295, 302). Dr. Sturgis reasoned that Plaintiff had limitations in concentration, but appeared able to function and handle the activities of daily living; and that she was "probably capable" of performing semi-skilled work (TR. 304). In a

contemporaneous mental RFC assessment Dr. Sturgis found Plaintiff to be moderately limited in her ability to understand, remember and carry out detailed instructions; and in her ability to interact appropriately with the general public (TR. 309-310).

## VI. Analysis

Plaintiff urges on appeal that the ALJ's RFC finding is not supported by substantial evidence; and that the ALJ erred at step five by relying on responses from the VE to hypothetical questions which did not precisely reflect Plaintiff's limitations. In particular, Plaintiff argues that the ALJ was required to include restrictions regarding the use of her left hand caused by CTS and restrictions related to her sinus tachycardia. (See ECF No. 16:4-10). As to Plaintiff's CTS and her tachycardia the ALJ found:

> Based on the record in its entirety, the evidence fails to establish any impairment involving carpal tunnel syndrome (CTS), sinus tachycardia (irregular heartbeat) . . . that had any greater than a slight or minimal effect on the claimant's ability to perform basic work activities. Although the claimant alleges disability due to these impairments, the record fails to show that the claimant received any ongoing treatment for these impairments, and examinations by physicians revealed no significant symptoms or limitations resulting from the impairments (Exhibits 1F, 10F, 11F). Accordingly, these impairments are not found to be severe.

(TR. 21-22). Plaintiff argues that including restrictions related to Plaintiff's CTS and tachycardia "would likely have led to a conclusion of inability to perform other work activity" at step five. (ECF No. 16:4-5). Shockingly, the only "medical evidence" cited by Plaintiff to support this argument is taken directly from that portion of Dr. Paul's September 2006 report captioned as "**HISTORY AS RELATED BY THE CLAIMANT**"

5

(emphasis in original). (TR. 498) (ECF No. 16:6-7). This "medical evidence" was nothing more than a subjective recounting of Plaintiff's own medical history rather than objective findings made by an examining physician. Counsel is admonished to avoid such blatant misrepresentation of the record.

The ALJ agreed that Plaintiff had diminished mental and physical abilities and included appropriate limitations in his RFC finding. Plaintiff's argument that her condition prevents her from performing any work finds no support in the medical record for the relevant period. The medical record, as summarized above, supports the ALJ's RFC finding. Thus, no error was committed by the ALJ when he failed to conclude that Plaintiff's had restrictions based on CTS and tachycardia. The ALJ's RFC takes into account Plaintiff's limitations which are established by the medical evidence. An ALJ need not include in the RFC assessment limitations unsupported by the medical record. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Further, an ALJ may rely upon the VE's testimony as substantial evidence in support of his finding that a claimant can perform other work. *Id.* (finding no error when the ALJ relied upon a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment); *Bias v. Astrue,* 484 F. App'x 275, 276 (10th Cir. 2012) ("[W]hen it comes to posing a hypothetical to a vocational expert, if substantial evidence supports an ALJ's finding that a 'non-severe' impairment does not create any work-related limitations, the ALJ is not required to include that impairment in the hypothetical." (citations omitted)).

6

Thus, the ALJ's RFC determination and his step five determination are supported by substantial evidence and should not be disturbed on appeal.

Plaintiff also argues that the ALJ erred in his duty to develop the record. (ECF No. 16:11). Plaintiff argues that the ALJ failed to properly develop the record with regard to whether Plaintiff' could perform the full range of handling/fingering type jobs identified by the VE. (ECF No. 16:8). Although a claimant has the general duty to prove disability, a social security disability hearing is a non-adversarial proceeding and an ALJ has a duty to develop the factual record. *Musgrave v. Sullivan*, 996 F.2d 1371, 1374 (10th Cir. 1992). The ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993).

Plaintiff has the responsibility for providing medical evidence in support of her claim. Plaintiff must provide medical evidence showing that she has an impairment and showing the severity of the impairment during the time she claims disability. 20 C.F.R. § 404.1512. Plaintiff was represented by an attorney who announced, prior to the hearing, that she had no objection to the exhibits offered into evidence (TR. 36). At the hearing, counsel failed to identify the need for additional medical or vocational evidence (TR. 37-49). In addition, at the November 20, 2012 hearing, the ALJ, at the request of counsel, kept the record open for 20 days to allow for the submission of additional medical evidence, and the record remained open as of the date of the ALJ's decision on December 18, 2012 (TR. 37, 19). When a claimant is represented by counsel at the

administrative hearing, the ALJ is entitled to rely on the claimant's counsel to structure and present the claimant's case in a way that the claimant's claims are adequately explored. *Hawkins v. Chater*, 113 F. 3d 1162, 1167 (10th Cir. 1997).

Given the breadth of medical evidence available, the ALJ was presented with sufficient evidence in order to make his determination. *See Cowan v. Astrue,* 552 F. 3d. 1182, 1187 (10th Cir. 2008) (ALJ did not need to further develop the record where sufficient evidence existed to make a disability determination). Thus, it appears that the ALJ did not err in his duty to properly develop the record.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **February 9, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on January 26, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE